IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Gloria Carter,

         Plaintiff,

v.

Diversified Adjustment Service, Inc. and DOES 1-10, inclusive,

         Defendants.

Ci 16cv7354
Ju JUDGE DURKIN
   MAG. JUDGE SCHENKIER
M

**DEMAND FOR JURY TRIAL**

FILED
JUL 19 2016
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

## COMPLAINT

For this Complaint, the Plaintiff, Gloria Carter, Pro Se, states as follows:

### JURISDICTION

1. This action arises out of Defendants' repeated violations of, the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* (the "TCPA"), the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (the "FDCPA) and the Fair Credit Reporting Act (FCRA) 15 U.S.C. § 1681, et seq. (the "FCRA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

### PARTIES

3. The Plaintiff, Gloria Carter ("Plaintiff"), is an adult individual residing in Chicago, Illinois in the Northern District of Illinois and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), and is a "person" as defined by 47 U.S.C. § 153(39).

4. The Defendant, Diversified Adjustment Services, Inc. ("Defendant"), is a Foreign

1

Corporation and a Minnesota business entity with an address of 600 Coon Rapids Blvd. Coon Rapids, Minnesota 55433 operating as a collection agency, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

5. Plaintiff allegedly incurred a financial obligation ("Carter's Debt") to a creditor.

6. Carter's Debt arose from services provided by the creditor which were primarily for family, personal, or household purposes, which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

7. Carter's Debt was purchased, assigned or transferred to Defendant for collection, or Defendant was employed by the creditor to collect Carter's Debt.

8. Defendant attempted to collect Carter's Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

9. Defendant attempted to contact Plaintiff in excess of seventy five (75) times in an attempt to collect the alleged Carter's Debt.

10. In or around June 2015, Defendant began calling Plaintiff's cellular telephone number 704-XXX-6913 from telephone number 704-837-8181, 704-837-8182, 704-837-8191, 312-957-8826.

11. Defendant knew that when they called the Plaintiff at 704-XXX-6913 without express consent, they were calling the Plaintiff cellular telephone when they attempted to collect the alleged Carter's Debt.

12. Defendant knew that when they called the Plaintiff at 708-XXX-7934 without express consent, they were calling the Plaintiff cellular telephone when they attempted to collect the alleged Carter's Debt.

13. Defendant knew that when they called the Plaintiff at 312-XXX-8303 without

2

express consent, using a pre-recorded message, "artificial voice" that they were calling the Plaintiff residential telephone in an attempt to collect the alleged Carter's Debt.

14. Defendant made numerous calls to Plaintiff's cellular telephones and residential telephone without express consent using an Automatic Telephone Dialing System (ATDS) and played pre-recorded messages in an attempt to collect, harass and annoy Plaintiff for an alleged Carter's Debt. The term "Automatic Telephone Dialing System" means equipment which has the capacity - (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers.

15. When Plaintiff occasionally answered calls from Defendant, she heard silence followed by an automated click before the call disconnected.

16. Plaintiff never signed or entered into a contract with the Defendant.

17. Plaintiff and Defendant do not have a business relationship.

18. Defendant uses a software/hardware system that permits it to call debtors without a human having to manually dial telephone numbers. The system is referred to herein as the "Automatic Telephone Dialing System" (ATDS) and /or "Predictive Dialer".

19. Plaintiff sent Defendant a "Debt Validation" Letter dated July 2, 2015 via certified mail return receipt number: 701405100000014467176 in which Defendant failed to validate but continued with their attempt to collect on the alleged Carter's Debt.

20. Plaintiff sent Defendant a Notice of Intent to Sue correspondence dated November 3, 2015 via certified mail return receipt number: 701440510000014467213 for an opportunity for Defendant to amicably resolve this matter before Plaintiff file suit in which Defendant failed to respond.

21. On numerous occasions when Plaintiff answered Defendant's calls, she was met

with a prolonged period of silence and then she heard a prerecorded message advising her that the call was an attempt to collect a debt.

22. Plaintiff does not know how Defendant acquired her cellular telephone number. Plaintiff did not provide it to the Defendant.

23. Plaintiff does not know how Defendant acquired her residential telephone number. Plaintiff did not provide it to the Defendant.

24. Without Plaintiff's express consent, Defendant placed in excess of 75 calls to Plaintiff's telephones. The continued calls caused Plaintiff significant inconvenience and concern.

25. At all times mentioned herein, Defendant called Plaintiff using an ATDS, predictive dialer and/or using an artificial or prerecorded voice.

26. Plaintiff told Defendant to stop calling her cellular telephone.

27. Nevertheless, Defendant continued to place automated calls to Plaintiff.

28. Defendant pulled Plaintiff credit report without permissible purpose.

29. Defendant calls to Plaintiff were not made for emergency purposes but only in an attempt to collect on the alleged Carter's Debt.

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT (TCPA) –
## 47 U.S.C. § 227, et seq.

30. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

31. At all times mentioned herein and within the last year, Defendant called Plaintiff on her residential telephone using an ATDS and prerecorded message with "artificial voice.

32. At all times mentioned herein and within the last year, Defendant called Plaintiff

4

on her cellular telephones using an ATDS and/or predictive dialer.

33. In expanding on the prohibitions of the TCPA, the Federal Communications Commission (FCC) defines a Predictive Dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…"2003 TCPA Order, 18 FCC 36 Rcd 14022. The FCC explains that if a representative is not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id.* In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id.*

34. Defendants' telephone systems have some earmarks of a Predictive Dialer.

35. Often times when Plaintiff answered the phone, she was met with a prolonged period of silence before Defendants' telephone system would connect her to the next available representative.

36. Upon information and belief, Defendants' Predictive Dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

37. Defendant contacted Plaintiff by means of automatic telephone calls to her cellular phones knowing that it lacked consent to call her number in light of her numerous requests for the calls to cease. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

38. The calls from Defendants to Plaintiff were not placed for "emergency purposes"

as defined by 47 U.S.C. § 227(b)(1)(A)(i).

39. Defendant's predictive dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

40. Plaintiff never provided her cellular telephone number to Defendant and never provided her consent to be contacted on her cellular telephone.

41. As a result of each of Defendant's negligent violations of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call placed in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

42. As a result of each of Defendant's knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICE ACT (FDCPA) – 15 U.S.C. § 1692, et seq.

43. The plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

44. Defendant conduct violated 15 U.S.C. § 1692d in that Defendant engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with collection of the alleged Carter's Debt.

45. Defendant's conduct violated 15 U.S.C. § 1692d(5) in that Defendant caused a phone to ring repeatedly and engaged Plaintiff in telephone conversations with the intent to annoy and harass Plaintiff.

46. Defendant's conduct violated 15 U.S.C. § 1692f in that defendant used unfair and unconscionable means to collect the alleged Carter's Debt.

47. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA.

48. Plaintiff is entitled to statutory damages, attorney's fees and costs as a result of Defendant's violations.

## COUNT III

## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT (FCRA) – 15 U.S.C. § 1681 et seq. WILLFUL NON-COMPLIANCE BY DEFENDANT

49. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

50. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

51. Defendant is a furnisher of information within the meaning of the FCRA, 15 U.S.C. § 1681s-2.

52. Defendant willfully violated the FCRA. Defendant violations include, but are not limited to the following:

(a). Defendant willfully violated 15 U.S.C. § 1681b(f) by obtaining Plaintiff's consumer credit report without a permissible purpose as defined by 15 U.S.C. § 1681b.

WHEREFORE, Plaintiff demands judgment for damages in the amount $1,000 against Defendant for each violation for actual or statutory damages, and punitive damages, attorney's fees and costs, pursuant to 15 U.S.C. §1681n.

## COUNT IV

## VIOLATION OF THE FAIR CREDIT REPORTING ACT (FCRA) –

## 15 U.S.C. § 1681 et seq. NEGLIGENT NON - COMPLIANCE BY DEFENDANT

53. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

54. Defendant is a furnisher of information within the meaning of the FCRA, 15 U.S.C. § 1681s-2.

55. Defendant negligently violated the FCRA. Defendant's violations include, but are not limited to the following:

(a). Defendant negligently violated 15 U.S.C. § 1681b(f) by obtaining Plaintiff's consumer report without a permissible purpose as defined by 15 U.S.C. § 1681b.

WHEREFORE, Plaintiff demands judgment for damages in the amount of $1,000 against Defendant for each violation for actual damages, attorney's fees and costs, pursuant to 15 U.S.C. § 1681o.

### PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff respectfully prays that judgment be awarded in the Plaintiff's favor and against the Defendants as follows:

1. Statutory damages in the amount of $500.00 to Plaintiff pursuant to 47 U.S.C. § 227(b)(3)(B);

2. Treble damages in the amount of $1,500.00 for each violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

3. Statutory damages of $1,000.00 to Plaintiff pursuant to 15 U.S.C. § 1692 k(a)(2)(A) against Defendant;

4. Actual damages to Plaintiff pursuant to 15 U.S.C. § 1692 k(a)(1) against Defendant:

5. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692

k(a)(3);

6. Against the named Defendants, jointly and severally, awarding the Plaintiff punitive damages in such amount as is found appropriate; and

6. Granting the Plaintiff such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: June 20, 2016

Respectfully submitted,

*Gloria Carter* (signature)
Gloria Carter

2605 So. Indiana Avenue, #2206
Chicago, IL 60616
Email: servkingrestoration@acninc.net